**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **B.M., by and through her parent,** )<br>**DARCY MOORE,** )<br> )<br> **Plaintiff,** )<br> )<br>vs. )<br> )<br>**STATE OF MISSOURI, MISSOURI STATE** )<br>**BOARD OF EDUCATION, MISSOURI** )<br>**DEPARTMENT OF ELEMENTARY AND** )<br>**SECONDARY EDUCATION, STATE SCHOOLS** )<br>**FOR THE SEVERELY HANDICAPPED, and** )<br>**WINDSOR C-1 SCHOOL DISTRICT,** )<br> )<br> **Defendants.** ) | No. 4:09CV459-DJS |

**ORDER**

Since 2001, plaintiff B.M. has been enrolled at the Mapaville State School for the Severely Handicapped, operated by the Missouri Department of Elementary and Secondary Education. In the instant complaint, claims are now brought on her behalf against the State of Missouri, the Missouri State Board of Education, the Missouri Department of Elementary and Secondary Education, the State Schools for the Severely Handicapped,[1] and the Windsor C-1 school district, challenging the appropriateness and the adequacy of the education afforded to plaintiff, and alleging a history of

---

[1] These four defendants collectively denominate themselves "the State defendants."

abuse and neglect at the Mapaville School.  Now before the Court is the State defendants' motion to dismiss.[2]

Count I of plaintiff's complaint is an appeal of the "Due Process" decision of the three-member panel empowered by the Missouri State Board of Education to review plaintiff's administrative complaint under the IDEA, the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.*  Such judicial review is authorized by 20 U.S.C. §1415(i)(2)(A), and the State defendants concede the availability of the judicial review and do not seek dismissal of Count I as an appeal of the state administrative "Due Process" decision. To the extent that movants misconstrue Count I as seeking relief unavailable on judicial review under the applicable statute, the argument is rejected as the Court does not so construe Count I.

Movants argue generally that other than the administrative appeal in Count I, plaintiff's complaint fails to state a claim upon which relief can be granted because it fails to "provide any indication of what the various named defendants are alleged to have done to violate the various statutory and constitutional provisions she invokes."  Memo. in Support [Doc. #12], p.4.  The Court rejects this argument as generally as it is asserted, along with the alternative request for an order directing

---

[2] A motion to dismiss filed by the defendant school district [Doc. #16] is now temporarily held in abeyance, in view of the reported efforts of plaintiff and the school district to finalize a settlement [Doc. #23].

an amended complaint with a more definite statement of plaintiff's claims.  The complaint as pled is sufficiently specific as to the alleged deficiencies of plaintiff's education and treatment at the Mapaville school, the responsibility of each named defendant therefor, and plaintiff's theories for relief.

Count II is pled pursuant to §504 of the Rehabilitation Act, 29 U.S.C. §794.  Count III is predicated on the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*.  ("the ADA"). With respect to these counts, movants contend that plaintiff does not allege that she was denied access to public education because of her disability, but instead that her education was not adequate or appropriate, and that neither the ADA nor the Rehabilitation Act provides a remedy therefor.

Both the Rehabilitation Act and the ADA prohibit discrimination in the provision of public services based on a disability.  <u>See</u> 29 U.S.C. §794(a) ("No otherwise qualified individual with a disability...shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...."); 42 U.S.C. §12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by

any such entity."). Apart from the Rehabilitation Act's limitation to denials of benefits "solely" by reason of disability and its reach of only federally funded grants and programs, "the reach and requirements of both statutes are precisely the same." <u>Weixel v. Bd. of Educ.</u>, 287 F.3d 138, 146 n.6 (2d Cir. 2002).

For both claims, a plaintiff must sufficiently allege three elements to establish a prima facie case. First, that the plaintiff "is a qualified individual with a disability"; second, that the plaintiff "was denied the benefits of a program or activity"; and third, that the plaintiff "was discriminated against based on her disability." <u>M.P.</u>, 439 F.3d at 867 (quotation omitted).[3] Accordingly, plaintiff's complaint is sufficient to withstand dismissal if it alleges that plaintiff has a qualifying disability under the statutes, that she is otherwise qualified for the benefit that has been denied, and that she has been denied the benefit by reason of his disability.

Plaintiff alleges in her complaint that she is a qualified individual under both the Rehabilitation Act and the ADA, that she has been denied reasonable accommodations, and therefore has been denied the full benefits of a public education, and that it was because of her disability that she was denied such an

---

[3] In the Eighth Circuit, "[t]he plaintiff must also allege bad faith or gross misjudgment to make a successful [Rehabilitation Act] violation claim." <u>M.P.</u>, 439 F.3d at 867. The Court notes that plaintiff alleges in Count II of her complaint that defendants' gross misjudgment, profound incompetence, inadequate supervision, and neglect have caused the failures of plaintiff's educational program.

4

education.  Read liberally and in the light most favorable to plaintiff, Counts II and III of the complaint state claims for disability discrimination under the Rehabilitation Act and the ADA.

As to plaintiff's claim under §1983, movants argue that no State defendant is a person against whom a §1983 claim may be brought.  In order to prevail on a 42 U.S.C. §1983 claim, a plaintiff must show that a person acting under the color of state law caused the deprivation of a federal right.  Scheeler v. City of St. Cloud, 402 F.3d 826, 830 (8th Cir. 2005) (citing Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1426 (8th Cir. 1986)).  It is well established that a State is not a "person" liable for suit within the meaning of 42 U.S.C. §1983.  See Will v. Mich. Dept. of State Police, 491 U.S. 58, 64 (1989).  "[T]he State *and arms of the State*, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under §1983 in either federal court or state court."  Howlett v. Rose, 496 U.S. 356, 365 (1990) (emphasis added).

The State defendants argue that a state agency is not considered a person under 42 U.S.C. §1983, and consequently, none of the State defendants, regardless of whether they are considered one entity or four, can be sued pursuant to 42 U.S.C. §1983.  The Court agrees.  The State of Missouri, the Missouri State Board of Education, the Missouri Department of Elementary and Secondary Education, and the State Schools for the Severely Handicapped are

all state agencies and are not persons for purposes of 42 U.S.C. §1983.  In the context of this case, plaintiff's effort to analogize these entities to local school districts which are suable under §1983 is not unreasonable, but lacks legal support.  Accordingly, plaintiff's §1983 claim in Count IV will be dismissed as against the State defendants.

Finally, movants invoke Eleventh Amendment immunity as a bar to any claims for money damages or prospective injunctive relief under the ADA or the Rehabilitation Act.  Title II of the ADA, specifically 42 U.S.C. §12202, creates a private cause of action against state actors for conduct that actually violates the Fourteenth Amendment, and thereby overcomes Eleventh Amendment immunity.  United States v. Georgia, 546 U.S. 151, 159 (2006). This is a case-by-case determination, and the Court cannot at this time find that the State defendants are entitled to Eleventh Amendment immunity.[4]  Movants' Eleventh Amendment argument for dismissal of plaintiff's ADA claim is therefore unsuccessful at this juncture.

Movants acknowledge that the state's Eleventh Amendment immunity against Rehabilitation Act claims is waived with regard to state agencies that receive federal funds, and suggests that plaintiff has not adequately alleged each State defendant's receipt

---

[4] In this determination the Court acts consistently with its similar conclusion in the analogous case of F., by and through his parents, Mary and Tom Fasnacht v. Missouri State Board of Education, et al., 4:08CV1576-DJS, Order of August 18, 2009, p.15, n.6.

of federal funds so as to avoid their immunity.  The Court agrees with plaintiff that in order to seek the relief of dismissal, the State defendants must themselves directly invoke the Eleventh Amendment to which their argument refers, and in so doing claim its application because each of them has <u>not</u> received federal funds so as to abrogate the immunity.  Because movants have failed to do so, the Court is not persuaded that they are entitled to dismissal on the basis they offer.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion to dismiss of defendants State of Missouri, Missouri State Board of Education, Missouri Department of Elementary and Secondary Education and State Schools for the Severely Handicapped [Doc. #11] is granted with regard to Count IV of plaintiff's complaint as against these defendants, and is denied in all other respects.

Dated this <u>    21st     </u> day of October, 2009.


                                          <u>/s/Donald J. Stohr            </u>
                                          UNITED STATES DISTRICT JUDGE